UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES MCALLISTER,

                        Plaintiff,

    -v.-                                            9:06-CV-0442
                                                      (TJM)(RFT)

GLENN S. GOORD; *et al.*,

                        Defendants.

---

APPEARANCES:                      OF COUNSEL:

CHARLES McALLISTER
96-A-1243
Cape Vincent Correctional Facility
Route 12E
Box 599
Cape Vincent, NY 13618
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo            C. Harris Dague, Esq.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY  12224
Attorney for Defendants

THOMAS J. McAVOY
Senior United States District Judge

**DECISION AND ORDER**

      Currently before the Court is Plaintiff Charles McAllister's motion for a temporary restraining order and preliminary injunction.[1] Dkt. No. 87.  Defendants oppose the motion.  Dkt. No. 89.  Plaintiff has filed a reply to defendants' opposition.  Dkt. No. 91.

      Plaintiff seeks a Court Order enjoining Defendants from "[e]nforcing a new policy under [Department of Correctional Services (DOCS)] directive 4913 only allowing Plaintiff to pack and have

---

[1] Plaintiff has other motions pending, which will be addressed by a separate Court order.

transfer[red] (1) bag of active legal materials." Dkt. No. 87 at 1.  Plaintiff also seeks a court order enjoining defendants from (1) restricting his access to his legal materials and (2) depriving him of his criminal records, files, documents, etc., "by limiting Plaintiff to 4 draft bags of property consisting of personal items, religious items, legal materials and state issue items when transferred from SHU." *Id*.  In support of his motion, Plaintiff states, among other things, that there is a "substantial likelihood that [he] will be forced to dispose of his legal property with threats of further DOCS rule violations for disobeying direct order." *Id*. at 2.

In opposition to the motion, defendants assert that Plaintiff has failed to demonstrate that he will suffer irreparable harm should the injunctive relief that he requests not issue.  Dkt. No. 89.  Defendants also argue that Plaintiff lacks standing to seek the relief that he requests because (1) "he does not establish a nexus between the 'new policy under [D]irective 4913' and any of the defendants;" (2) plaintiff does not allege in his motion that his transfer to another facility is imminent, and although plaintiff notified the court shortly after the motion was filed that he was transferred, nowhere in the change of address letter did plaintiff "allege that he suffered irreparable harm" as a result of the transfer because of Directive 4913.  *Id*. at 3-4.  Defendants also argue that Plaintiff has failed to show how the enforcement of revised Directive 4913 would cause Plaintiff actual injury.  *Id*.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).  "The purpose of issuing a preliminary

injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the ... merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) (per curiam)). When, however, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the standard is higher. *Id*. "[I]n addition to demonstrating irreparable harm, '"[t]he moving party must make a clear or substantial showing of a likelihood of success on the merits,' *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotations omitted), a standard especially appropriate when a preliminary injunction is sought against government. *Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir. 2006)." *D.D. ex rel. V.D.*, 465 F.3d at 510. The same standards govern consideration of an application for a temporary restraining order. *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007)).

> "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman,* 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose,* at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ( "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." ).

*Candelaria*, 2006 WL 618576, at *3. In other words, the relief that a plaintiff seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. *See Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief because the allegations in the

3

application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)).

In his Second Amended Complaint (Dkt. No. 11), Plaintiff claims, among other things,[2] that while incarcerated at Ogdensburg Correctional Facility and Marcy Correctional Facility, he was denied medical and dental care in deliberate indifference to his serious medical and dental needs; denied the right to freely practice his religion; subjected to retaliation and discrimination because he filed grievances and served on the Inmate Liason Committee; and threatened with physical harm. Dkt. No. 11. Plaintiff also alleges that his grievances were not properly handled; he was issued retaliatory false misbehavior reports; and he was denied due process in the course of his disciplinary proceedings. *Id*.

In his motion for injunctive relief, Plaintiff for the first time claims that DOCS Directive # 4913, as revised October 23, 2008, will cause him irreparable harm in that he will be forced to relinquish some of his personal property, including legal documents and religious articles, when he is transferred to a new facility. Dkt. No. 87. Clearly the allegations that form the basis for Plaintiff's current motion - namely the impact that DOCS Directive # 4913, as amended in 2008, will have upon Plaintiff - are not related to the allegations contained in Plaintiff's Second Amended Complaint concerning allegations of wrongdoing that occurred at Ogdensburg and Marcy Correctional Facilities in 2003 through 2006 - years before the October 2008 amendment of DOCS Directive #4913. Thus, Plaintiff's request for

---

[2] The other allegations in the Second Amended Complaint are also unrelated to the claims in this motion.

injunctive relief could be denied on this basis alone.[3]

Even if the Court were to find that his present motion is sufficiently related to the claims set forth in the underlying action in that Plaintiff claims that enforcing the directive will result in "restricting and limiting plaintiff's ability to properly present his case," the Court would still deny Plaintiff's motion.  Since Plaintiff seems to allege that he might be denied access to the courts if the provisions of directive 4913 are enforced against him upon his transfer to a new facility, the Court will assume for the purposes of this motion that Plaintiff has alleged irreparable harm.  However, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief.  *See Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992).  Plaintiff has failed to submit **proof or evidence** which meets this standard.  In order to establish that he is being denied access to the courts, an inmate must demonstrate that he has suffered an actual injury. While it is true that under the Constitution a correctional facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), **the mere limitation of access to legal materials,** without more, does not state a constitutional claim, as " 'the Constitution requires no more than reasonable access to the courts.' " *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (quoting *Pickett v. Schaefer*, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)). To state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ; *accord Morello v. James*, 810 F.2d 344, 347 (2d

---

[3] Additionally, apart from former DOCS Commissioner Goord and perhaps Lester Wright, the Associate Commissioner of Health Services, it appears that none of the other defendants would be personally involved in the promulgation of DOCS directives.

Cir. 1987). Plaintiff does not allege any actual injury **as a result of the amended DOCS Directive**.[4] Plaintiff's conclusory allegations that his future legal work will be hampered by his possible loss of property does not meet the standard required for issuance of injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Additionally, to the extent that Plaintiff claims that he will not be able to effectively prosecute this action, the record for this action belies this claim. Since he filed this motion, plaintiff has filed several additional motions in this case, demonstrating his ability to effectively prosecute this action despite the amendment to DOCS Directive # 4913.

Based on the foregoing, Plaintiff's request for a temporary restraining order and a preliminary injunction (Dkt. No. 87) is **denied**.

WHEREFORE it is hereby

**ORDERED** that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Dkt. No. 87) IS **DENIED**, and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: December 30, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

---

[4] Plaintiff alleges that he suffered actual injury in his attempt to access the courts when defendants lost plaintiff's legal property and "prevented plaintiff's appeal to the Court of Appeals for the Second Circuit, in December 2003." Dkt. No. 91 at 4. This alleged loss of property **in 2003** is not related even remotely to newly revised DOCS directive # 4913.